UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STAFFORD DYER, III,

       Plaintiff,                    Case No. 2:16-cv-13660
                                          District Judge George Caram Steeh
v.                                              Magistrate Judge Anthony P. Patti

LJ ROSS ASSOCIATES,
INC.,

       Defendant.
_____/

# REPORT AND RECOMMENDATION TO DISMISS FOR FAILURE TO PROSECUTE AND AWARD COSTS AND ATTORNEY FEES TO DEFENDANT

**I.    RECOMMENDATION**: The Court should dismiss Plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b) and Eastern District of Michigan Local Rule 41.2 for failure to prosecute and award Defendant costs and attorney fees in the amount of $2,116.00.

**II.    REPORT**

    **A.    Background**

On March 1, 2017, Defendant filed a motion to compel Plaintiff to appear for his scheduled deposition and respond to discovery requests. (DE 6.) In addition, Defendant asked the Court to extend the discovery deadline by 30 days and to award costs pursuant to Federal Rule of Civil Procedure 37. On March 6,

2017, this motion was referred to me pursuant to 28 U.S.C. § 636. (DE 7.) Plaintiff did not oppose the motion in the time allowed under the Eastern District of Michigan Local Rules and, on March 23, 2017, I entered an order granting the motion as unopposed. (DE 8.) Specifically, I ordered that Plaintiff provide complete responses to Defendant's written discovery requests by April 4, 2017 and appear for his deposition by April 18, 2017. In addition, I ordered that Plaintiff appear for a show-cause hearing on April 26, 2017 at 10:00 A.M., where he was required to:

> show cause as to why the Court should not award costs in this matter. Further, if Plaintiff fails to provide discovery responses and/or again refuses to appear for his deposition, he must be prepared to show cause as to why this Court should not dismiss his case for failure to prosecute.

(Id. at 2-3.) The docket reflects that a copy of this order was mailed to Plaintiff at 14735 Dexter Ave., Apt. 6, Detroit, MI 48238 on the same day.

Plaintiff did not appear for the show-cause hearing on April 26, 2017. The Court waited until 10:20 A.M. and went on the record with Defendant's counsel, Justin Chmielewski, who did appear in person for the hearing. Mr. Chmielewski informed the Court that, following its March 23, 2017 order, he also mailed Plaintiff a copy of the order, along with his written discovery requests, and another deposition notice, this time scheduling it for April 4, 2017. Counsel spoke to Plaintiff on the telephone on March 29, 2017, and Plaintiff acknowledged receipt

2

of the Court's order, but again indicated that he was not sure if he would attend the deposition. He ultimately did not attend, did not provide any discovery responses, and did not comply in any way with the Court's order.

Mr. Chmielewski reiterated that his client was seeking fees and costs pursuant to Rule 37 and asked for an additional two days in which to file his bill of costs, which I granted. He timely filed the bill of costs and corresponding affidavit, in which he indicated that he had done 11.66 hours of work at $200/hour preparing and filing the motion to compel, attempting to seek compliance from Plaintiff, preparing for the ill-fated deposition, appearing at the April 26, 2017 show cause hearing, and preparing the instant affidavit and bill of costs. In addition, he provides an invoice from U.S. Legal Support, billing $60 for the cancelled April 4, 2017 deposition. (DE 11.)

**B. Standard**

Federal Rule of Civil Procedure 41(b) and Local Rule 41.2 authorize involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Walbash R. Co.*, 370 U.S. 626, 629-32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-

supported courts and opposing parties." *Knoll v. AT&T*, 176 F.3d 359, 63 (6th Cir. 1999).

The United States Court of Appeals for the Sixth Circuit directs district courts to consider the following factors in deciding whether to dismiss under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (internal citations omitted). Although none of the factors is "'outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

### C. Discussion

In the instant case, the record clearly demonstrates such delay and contumacious conduct. First, according to Mr. Chmielewski, Plaintiff has not participated in any discovery in this matter since its inception on October 14, 2016, including failing to appear for his February 24, 2017 deposition. Even after this Court specifically ordered him to appear for his deposition and to provide responses to written discovery, Plaintiff failed to do so, despite the Court's

warning that such a failure could result in a dismissal for failure to prosecute. Finally, despite acknowledging receipt of the Court's order scheduling the show cause hearing, he did not appear.

In sum, Plaintiff has completely disappeared from his case. He has missed multiple discovery deadlines, failed to appear for two depositions, and failed to comply with the Court's order. I conclude that no alternative sanction would help the Court to effectively manage its docket and to avoid unnecessary burdens on the Court and opposing parties. I therefore **RECOMMEND** that the Court **DISMISS** Petitioners' action without prejudice under Rule 41(b) and E.D. Mich. LR 41.2.

I further recommend that he be required to pay Defendant's reasonable costs and attorney fees pursuant to Rule 37, which provides in relevant part as follows:

> **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> >
> > **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
> >
> > **(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).  Here, the Defendant's motion to compel was granted and Plaintiff was given an opportunity to be heard, but he did not avail himself of that option.  There is no indication that Defendant filed its motion before attempting in good faith to obtain the discovery without court action.  In fact, Defendant has provided its correspondence with Plaintiff in which counsel informed Plaintiff of his obligation to appear at the scheduled deposition, as well as the possibility that Defendant might move to dismiss the case if he failed to appear. (DE 6-3.)

Nor is there any indication that Plaintiff's non-response was substantially justified, and Plaintiff did not take the opportunity to respond to Defendant's motion or to appear at his show cause hearing in order to make such a case. Finally, there are no other circumstances that would make an award of costs unjust. Having reviewed counsel's bill of costs, filed on April 28, 2017, I agree that the sum is largely reasonable, save the 1.38 hours ($276) spent drafting the instant affidavit of fees and supporting documents.  I recommend that Plaintiff be required to pay those costs, in the amount of $2,116.00, the total amount billed of $2,393.00 minus the $276 spent drafting the instant document.   Finally, although I recommend that this dismissal be without prejudice pursuant to Rule 41, I further recommend that Plaintiff be prohibited from re-filing his claims against this

defendant until the fees and costs have been paid in full, consistent with this Report and Recommendation.

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: May 2, 2017

s/Anthony P. Patti
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 2, 2017, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti